David E. De Lorenzi
Sheila F. McShane
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone No.: (973) 596-4500
Facsimile No.: (973) 596-0545

**Of Counsel:**
Jack Q. Lever
Shamita D. Etienne-Cummings
David M. Tennant
**WHITE & CASE LLP**
701 13th Street NW
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PANASONIC CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>Defendant. | Civil Action No. _____<br><br>*Document electronically filed.*<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Panasonic Corporation ("Panasonic") hereby files this Complaint for patent infringement against Defendant Freescale Semiconductor, Inc. ("Freescale").

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*

2. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§1331 and 1338(a).

1

3. Venue of this action is proper pursuant to 28 U.S.C. §1391 (b) and (c) and 28 U.S.C. §1400(b) because Defendant is deemed to reside in this State and/or has committed acts of patent infringement in this Judicial District.

4. Defendant provides goods or services and does business in this Judicial District.

5. Defendant is subject to the personal jurisdiction of this Court by virtue of its contacts with the State of New Jersey and/or by virtue of making, using, selling, offering for sale and/or importing in this Judicial District and elsewhere in the United States devices that embody the inventions disclosed and claimed in the patents in suit.

## PARTIES

6. Plaintiff Panasonic Corporation is a corporation organized and existing under the laws of Japan, formerly under the name Matsushita Electric Industrial Co. Ltd., with its principal place of business located at 1006 Oaza Kadoma, Kadoma City, Osaka 571-8501, Japan.

7. Panasonic is a leading manufacturer of consumer electronics and semiconductor devices. Since its inception in 1918, Panasonic has devoted a great deal of resources to developing innovative, cutting-edge technologies. Through the 1980s and 1990s, Panasonic devoted a large group of scientists to the development of semiconductor devices, including microcontrollers, memory devices, integrated circuits, including large scale integrated semiconductor chips ("LSI Chips"), and discrete semiconductors. Such devices are utilized in many of today's most popular electronic devices which require reliable components.

8. Upon information and belief, Freescale Semiconductor, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 6501 William Cannon Drive West, Austin, Texas. Freescale Semiconductor Inc.'s agent for service of process in New Jersey is Corporation Service Company, 830 Bear Tavern Road, West Trenton, New Jersey 08628.

## COUNT I

### Infringement of U.S. Patent No. 6,967,409

9. Panasonic repeats and realleges the allegations of the preceding paragraphs in this Complaint as if fully set forth herein.

10. On November 22, 2005, United States Patent No. 6,967,409 ("the '409 Patent"), titled "Semiconductor Device and Method of Manufacturing the Same," was duly and legally issued. A true and correct copy of the '409 Patent is attached to the Complaint as Exhibit 1.

11. The '409 Patent is valid and enforceable.

12. Panasonic Corporation is the assignee and owner of all right, title and interest in and to the '409 Patent, including the right to sue for infringement and recover damages.

13. Upon information and belief, Defendant has infringed, and continues to infringe one or more claims of the '409 Patent through the manufacture, use, importation, sale and/or offer for sale of LSI Chips, either directly, indirectly, through the doctrine of equivalents, and/or through acts of contributory infringement and/or inducement of infringement in violation of 35 U.S.C. § 271.

14. Such infringing products include but are not limited to all Freescale semiconductor products manufactured using a 90 nm or smaller process, including but not limited to, the MPC 7448 and its family of processors.

15. The acts of the Defendant alleged herein have been and continue to be performed without permission, license, or consent of Panasonic.

16. Panasonic has suffered damages as a result of Defendant's infringement of the '409 Patent.

17. Panasonic is entitled to recover from the Defendant the damages sustained as a result of their wrongful acts.

18. Upon information and belief, the infringement by Defendant of the '409 patent has been willful and deliberate.

19. Upon information and belief, Defendant's infringement of the '409 Patent is exceptional and entitles Panasonic to attorneys' fees and costs under 35 U.S.C. § 285.

20. The infringement by Defendant of Panasonic's rights under the '409 Patent will continue to damage Panasonic, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II

### Infringement of U.S. Patent No. 7,126,174

21. Panasonic repeats and realleges the allegations of the preceding paragraphs in this Complaint as if fully set forth herein.

22. On October 24, 2006, United States Patent No. 7,126,174 ("the '174 Patent"), titled "Semiconductor Device and Method of Manufacturing the Same", was duly and legally issued. A true and correct copy of the '174 Patent is attached to the Complaint as Exhibit 2.

23. The '174 Patent is valid and enforceable.

24. Panasonic Corporation is the assignee and owner of all right, title and interest in and to the '174 Patent, including the right to sue for infringement and recover past damages.

25. On information and belief, Defendant has infringed, and continue to infringe at least claim 1 of the '174 Patent through the manufacture, use, importation, sale and/or offer for sale of LSI Chips, either directly, indirectly, through the doctrine of equivalents, and/or through acts of contributory infringement and/or inducement of infringement in violation of 35 U.S.C. § 271.

26. Such infringing products include but are not limited to Freescale semiconductor products manufactured using 0.25 μm or smaller process, including, but not limited to, the PowerQUICC II family of processors (including the MPC8280), DSP processors (including the MSC7116), the HCS08 family of microcontrollers (including the MC9S08AW60), the PowerQUICC family of processors (including the MPC866) and the MC7457 microprocessor family of products.

27. Panasonic and Freescale engaged in licensing negotiations commencing at least as early as August 29, 2007 that included the '174 Patent and Freescale infringing products.

28. As a result of the infringement by the Defendant, Panasonic has suffered, and will continue to suffer, damages.

29. Panasonic is entitled to recover from the Defendant the damages sustained as a result of its wrongful acts.

30. Upon information and belief, the infringement by the Defendant of the '174 Patent has been willful and deliberate.

31. Upon information and belief, the Defendant of infringement of the '174 Patent is exceptional and entitles Panasonic to attorneys' fees and costs under 35 U.S.C. § 285.

32. The infringement by the Defendant of Panasonic's rights under the '174 Patent will continue to damage Panasonic, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

A. A judgment that the '409 Patent is valid and enforceable;

B. A judgment that the '174 Patent is valid and enforceable;

C. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of U.S. Patents No. 6,967,409;

D. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of U.S. Patents No. 7,126,174;

E. An order permanently enjoining Defendant, and their affiliates and subsidiaries and each of their officers, agents, servants and employees, from making, using, offering to sell, selling, marketing, distributing, or importing any product that infringes the '409 Patent and/or the '174 Patent.

F. An accounting of all damages sustained by Panasonic as a result of the Defendant's acts of infringement;

G. An award of damages and/or other monetary relief, including prejudgment interest for Defendant's infringement of the '409 Patent and the '174 Patent;

H. Trebling of such damages for the willful, deliberate and intentional infringements by Defendant;

I. A judgment that this is an exceptional case and an award of attorneys' fees to Panasonic;

J.      That Panasonic recover the cost of this suit, including reasonable attorneys' fees and costs as provided by law; and

K.      An order awarding such additional relief to Panasonic as the Court may deem appropriate, and just, under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

Dated: April 1, 2010

Respectfully submitted,

David E. De Lorenzi
Sheila F. McShane
**GIBBONS, P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone .: (973) 596-4743
Facsimile : (973) 639-6235

By:  s/ Sheila F. McShane
       Sheila F. McShane
       smcshane@gibbonslaw.com

Of Counsel:

Jack Q. Lever
jlever@whitecase.com
Shamita D. Etienne-Cummings
setienne@whitecase.com
David M. Tennant
dtennant@whitecase.com
**WHITE & CASE LLP**
701 13th Street NW
Washington, DC 20005
Telephone:    (202) 626-3600
Facsimile:    (202) 639-9355

Attorneys for Plaintiff
Panasonic Corporation