

SHEILA F. MCSHANE
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4637 Fax: (973) 639-6482
smcshane@gibbonslaw.com

July 13, 2010

**VIA ECF**

Honorable Claire C. Cecchi, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
and United Sates Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *Panasonic Corporation v. Freescale Semiconductor, Inc.*
              Civil Action No.: 10 -01668 (JLL)(CCC)

Dear Judge Cecchi:

On behalf of the parties, and pursuant to the Court's April 28, 2010 Order, enclosed please find a copy of the proposed Joint Discovery Plan in the above-referenced action. The associated Rule 16 conference is set before the Court on July 16, 2010 at 12:30 PM.

We thank the Court for its attention and courtesies.

Respectfully,

s/ Sheila F. McShane

Encl.

cc:    Gregory J. Bevelock, Esq. (via email)
      Alice M. Penna, Esq. (via email)
      Marc S. Blackman, Esq. (via email)
      James L. Wamsley III, Esq. (via email)
      Kevin McGann, Esq. (via email)
      Bijal Vakil, Esq. (via email)
      Jack Q. Lever, Esq. (via email)
      David M. Tennant, Esq. (via email)

David E. De Lorenzi
Sheila F. McShane
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone (973) 596-4500
Facsimile: (973) 596-0545

*Attorneys for Plaintiff*
*Panasonic Corporation*

Gregory J. Bevelock
**DECOTIIS, FITZPATRICK & COLE, LLP**
Glenpoint Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
Telephone:  (201) 928-1100
Facsimile:  (201) 928-0588

*Attorneys for Defendant*
*Freescale Semiconductor, Inc.*

*Additional Counsel Information Below*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PANASONIC CORPORATION<br><br>             Plaintiff,<br><br>    v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>          Defendant. | Civil Action No. 2:10cv01668-JLL-CCC<br><br>***Document electronically filed.*** |

**JOINT DISCOVERY PLAN**

1

1.     Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   Plaintiff's Position

   Plaintiff Panasonic Corporation ("Panasonic") asserts in its April 1, 2010 Complaint ("Complaint") that Defendant Freescale Semiconductor, Inc. ("Freescale") has infringed, and continues to infringe certain claims of U.S. Patent Nos. 6,967,409 ("the '409 patent") and 7,126,174 ("the '174 patent"), either directly or indirectly, by the manufacture, use, importation, sale or offer for sale of LSI chips, including but not limited to those specifically identified in Panasonic's Complaint.

   Defendant's Position

   Freescale denies that it has infringed or is infringing, either directly or indirectly, any of the Patents-in-Suit.  In further defense of Panasonic's claims, Freescale asserts that the Patents-in-Suit are invalid for failure to comply with the conditions of patentability set forth in Title 35, United States Code, § 101 *et seq.*, including, without limitation, §§ 101, 102, 103 and/or 112. Consistent with these defenses and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Freescale requests a declaration by the Court that the Patents-in-Suit are invalid and not infringed by Freescale.

   Freescale also asserts a variety of additional defenses, including that Panasonic's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel, equitable estoppel, waiver, laches, acquiescence, patent exhaustion, and/or license.  Freescale further asserts that Panasonic has no right to injunctive relief since it has an adequate remedy at law and that Panasonic's claim for damages may be barred, or limited, under 35 U.S.C. § 287.  Freescale reserves the right to assert a defense and/or claim of inequitable conduct and other defenses and claims consistent with facts that become known through discovery.

2

2.      Have settlement discussions taken place? Yes ___X_____    No _____

If so, when?   The parties' most recent settlement discussions took place on June 22, 2010 in Japan with a follow-up discussion on July 9, 2010 in Texas.  The parties discussed various proposals for resolving the multiple patent infringement actions currently pending between them.

3.      The parties [have _____ - have not ____X____] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

        The parties have been performing preliminary investigations internally to develop their initial disclosures.  The parties propose that initial disclosures be made on July 28, 2010.

4.      Describe any discovery conducted other than the above disclosures.

        None.

5.      Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

        The parties anticipate that they may seek to file motions for summary judgment concerning infringement before the close of fact discovery, but would not do so prior to the Court's issuance of its Markman claim construction ruling and the completion of the claim construction process as set below and/or under the local patent rules without the Court's prior approval.

6.      The parties propose the following:

        (a)      Discovery is needed on the following subjects:

Panasonic's Position

        At this time, Panasonic expects to take discovery on all of the issues raised in its Complaint, Freescale's Answer and Counterclaims, including but not limited to at least the following topics:

Joint Discovery Plan

- Freescale's semiconductor products manufactured using 90 nm or smaller process, including but not limited to the MPC7448 and its family of products ("the '409 Accused Products").

- Freescale's semiconductor products manufactured using 0.25 μm or smaller process, including but not limited to the PowerQUICC II family of processors (including the MPC8280), DSP processors (including the MPC7116), the HCS08 family of microcontrollers (including the MC9S08AW60), the PowerQUICC family of processors (including the MPC866) and the MC7457 microprocessor family of products (collectively, "the '174 Accused Products).

- Freescale's infringement of the '409 patent and the '174 patent, including but not limited to the manufacture, use, importation, sale and/or offer for sale of the '409 Accused Products and the '174 Accused Products (collectively, "the Freescale Accused Products").

- Research and development related to the Freescale Accused Products.

- Sales and marketing related to the Freescale Accused Products.

- Freescale's contentions, if any, that the '409 patent and/or the '174 patent is invalid, not infringed by the Freescale Accused Products, and/or not enforceable.

Freescale's Position

To respond to Panasonic's allegations, Freescale must seek discovery on the issues of infringement, invalidity, unenforceability, damages and the asserted defenses. Freescale disagrees with Panasonic's assertion that it is entitled to discovery with respect to all of "Freescale's semiconductor products manufactured using 90 nm or smaller process," as well as "Freescale's semiconductor products manufactured using 0.25 μm or smaller process." Although the Complaint very broadly accuses all products manufactured by those Freescale processes of infringement, the claims of the Patents-in-Suit are directed to particular semiconductor **devices** having the particular structure claimed, not to **processes** for

4

manufacturing semiconductors.  Moreover, Panasonic's identification of accused products based on the size of the process technology used to manufacture such products is misplaced as the process technology does not dictate whether or not the products have the structure recited in the claims of the Patents-in-Suit.  Freescale manufactures thousands of different products and the burden on it of providing discovery of the scope described by Panasonic would be oppressive and extremely expensive and time-consuming.  The scope of Panasonic's discovery should be limited to those particular Freescale products specifically identified and charted in its L. Pat. R. 3.1 disclosures of infringing any of the asserted apparatus claims.  Freescale also disputes that Panasonic is entitled to discovery related to the "research and development" of any accused products, as it is not relevant to infringement.  To the extent it may have any relevance to willfulness, the scope of such discovery is overly burdensome and outweighs any potential benefit.

    (b)     Should discovery be conducted in phases? If so, explain.

    This is a patent action arising under 35 U.S.C. § 101 *et seq.*  Discovery shall be subject to the provisions of the Local Patent Rules ("L. Pat. R.").  Panasonic and Freescale agree to the phased discovery set forth under the Local Patent Rules, but each party proposes different dates, as set forth below.

    Panasonic's Position:  At this time, Panasonic anticipates that pursuant to L.Pat.R. 3.1(a) it will assert the majority of the claims in the patents-in-suit because Panasonic has a good faith basis to assert infringement of those claims.  Panasonic notes that to the extent further discovery or the Court's claim construction affects the claims Panasonic intends to pursue, Panasonic will timely seek to amend to narrow the asserted claims pursuant to L.Pat.R. 3.7.  As the claims at issue have many overlapping terms, Panasonic does not believe that the claim construction process will be adversely affected.   The schedule set for the below already includes additional time beyond the time specified in the local rules for Freescale to provide its validity contentions.

5

Moreover, the Complaint in this case was filed on April 1, 2010; thus, Freescale will have had six (6) months from the date the Complaint was filed to attend to its invalidity contentions. Finally, the local rules already contemplate a process whereby the parties will have to work together to identify issues for the Court to address in claim construction. Thus, there is no reason to place artificial limits on the number of claims Panasonic may assert at this stage of the litigation (before the parties have even had the opportunity to exchange contentions and engage in the claim construction process).

Freescale Position: If Panasonic asserts, as it suggests it will, the majority of the 101 claims in the Patents-in-Suit, the case schedule will need to be drawn out to permit sufficient time to accomplish the tasks set forth in the local patent rules, such as invalidity contentions and claim construction. To allow for a more manageable and efficient schedule, Freescale proposed dates based on Panasonic asserting no more than 20 patent claims. But if Panasonic is permitted to assert infringement of more than 20 patent claims, Freescale would need additional time to prepare its invalidity contentions and a commensurate extension of the remaining case schedule.

Prior to the claim construction process, but after Panasonic receives Freescale's invalidity contentions, Freescale proposes that Panasonic should further narrow the number of asserted patent claims to ten (10), since otherwise discovery and the claim construction process will become bogged down and unmanageable.

6

| Event | Panasonic's Position (Proposed Dates) | Freescale's Position based on Panasonic's assertion of no more than twenty (20) patent claims in its L. Pat. R. 3.1 Disclosure (Proposed Dates) |
|---|---|---|
| Parties to exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | July 28, 2010 | |
| L. Pat. R. 3.1 Disclosure of Asserted Claims and Infringement Contentions<br><br>L. Pat. R. 3.2 Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions | August 11, 2010 | |
| L. Pat. R. 3.3 Invalidity Contentions<br><br>L. Pat. R. 3.4 Document Production Accompanying Invalidity Contentions | October 8, 2010 | |
| Freescale proposes Panasonic shall limit the number of asserted claims to no more than ten (10) and notify Freescale and the Court | As set forth immediately above, Panasonic believes that such a limitation on asserted claims is not called for by the local rules and is inappropriate and prejudicial. | October 15, 2010 |
| Parties to exchange Proposed Terms for Construction pursuant to L. Pat. R. 4.1 | October 22, 2010 | |
| Parties to exchange Preliminary Claim Constructions and Extrinsic Evidence pursuant to L. Pat. R. 4.2 | November 19, 2010 | |

7

| Event | Panasonic's Position (Proposed Dates) | Freescale's Position based on Panasonic's assertion of no more than twenty (20) patent claims in its L. Pat. R. 3.1 Disclosure (Proposed Dates) |
|---|---|---|
| Parties to submit Joint Claim Construction and Prehearing Statement pursuant to L. Pat. R. 4.3 | December 17, 2010 | |
| Completion of claim construction discovery (excluding expert depositions) pursuant to L. Pat. R. 4.4 | January 21, 2011 | |
| Parties to contemporaneously file and serve Opening *Markman* Submissions pursuant to L. Pat. R. 4.5(a) | February 18, 2011 | |
| Completion of claim construction expert discovery pursuant to L. Pat. R. 4.5(b) | March 18, 2011 | |
| Parties to contemporaneously file and serve responding *Markman* briefs pursuant to L. Pat. R. 4.5(c) | April 15, 2011 | |
| Last day for the Parties to confer and propose to the Court a schedule for a Claim Construction Hearing pursuant to L. Pat. R. 4.6 if one is required | April 29, 2011 | |
| L. Pat. R. 3.8 Advice of Counsel production | 30 days after entry of the Court's claim construction order | |

(c)    Number of Interrogatories by each party to each other party:

Joint Position

8

Each side shall be limited to twenty-five (25) interrogatories, including all subparts, except upon leave of this Court.

(d)     Number of Depositions to be taken by each party:

Panasonic's Position

Each side shall be limited to fifteen (15) depositions, excluding expert witness depositions, except upon leave of this Court.  Panasonic proposes that for depositions that require the aid of an interpreter may continue for up to ten (10) hours.  In the first instance, any modification of this time limit will be addressed by the parties on a case by case basis.

Freescale's Position

Freescale agrees that each side shall be limited to fifteen (15) depositions, excluding expert witness depositions, except upon leave of this Court.  Freescale further proposes that depositions occurring with the aid of an interpreter may continue for up to 17½ hours (2.5 times the 7 hour limit provided for by Fed.R.Civ.P. 30(d)(1)).

(e)     Plaintiff's expert report(s) due on:

Panasonic's expert report with respect to all issues on which Panasonic bears the burden of proof shall be due **October 21, 2011, or 30 days after the close of fact discovery, whichever is later**.  Rebuttal expert reports shall be due **November 18, 2011, or 60 days after the close of fact discovery, whichever is later**.

(f)     Defendants' expert report due on.

Freescale's expert report with respect to all issues on which Freescale bears the burden of proof shall be due **October 21, 2011, or 30 days after the close of fact discovery, whichever is**

later.  Rebuttal expert reports shall be due **November 18, 2011, or 60 days after the close of fact discovery, whichever is later**.

      (g)    Motions to Amend or to Add Parties to be filed by **September 30, 2010**, except that motions to amend may be filed later for good cause.

      (h)    Dispositive motions to be served within \_\_\_\_ of completion of discovery.

Panasonic's Position

Dispositive motions are to be served by **November 4, 2011, or seven (7) weeks after the completion of fact discovery (not expert discovery as proposed by Freescale), whichever is later**.

Freescale's Position

Dispositive motions should be served by **February 3, 2012, or 45 days after the completion of expert discovery (not fact discovery as proposed by Panasonic), whichever is later**.

      (i)    Factual discovery to be completed by \_\_\_\_\_.

Factual discovery to be completed by **September 16, 2011, or 75 days after entry of the Court's claim construction order, whichever is later.**

      (j)    Expert discovery to be completed by \_\_\_\_\_.

Expert discovery to be completed by **December 21, 2011, or 30 days after service of the rebuttal expert reports, whichever is later**.

      (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

Joint Position

The parties will seek protection of their trade secrets and confidential technical or business information.  Discovery of the parties' trade secrets and confidential technical or business information without the safeguard of a Discovery Confidentiality Order would pose a substantial risk of irreparable harm to the parties.  The parties will seek that the Court enter a revised Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c) and L. Pat. R. 2.2 to govern the discovery of their trade secrets and confidential technical or business information. The parties will work together to prepare and submit a mutually agreed-upon revised Discovery Confidentiality Order, or alternative proposals, for the Court's review and consideration by **August 16, 2010**.

The parties are working together in good faith to develop certain agreements and/or limitations on discovery, including electronic discovery.  At this time, the parties hope to submit to the court a stipulated order concerning the limitations on the scope and type of discovery, the format of production of documents, etc.

(l)    A pretrial conference may take place on _____.

Panasonic's Position

A pretrial conference may take place on **February 24, 2012 or two (2) months after the close of expert discovery, whichever is later**.

Freescale's Position

A pretrial conference may take place on **May 3, 2012, or 90 days after the dispositive motion deadline, whichever is later**.

(m)    Trial by jury or non-jury Trial?

Joint Position

The parties respectfully request a trial by jury on all matters so triable.

(n)    Trial date: _____

Panasonic's Position

Panasonic respectfully requests a trial by jury on all matters so triable commencing on or about **March 26, 2012, or 30 days after the pretrial conference, whichever is later**.

Freescale's Position

Freescale respectfully requests a trial by jury on all matters so triable commencing on or about **June 4, 2012, or 30 days after the pretrial conference, whichever is later**.

7.    Do you anticipate any discovery problem(s)? Yes _____ No _____
      If so, explain.

Panasonic's Position

Panasonic respectfully advises the Court that some of its documents, custodians, and/or witnesses reside outside the United States. Once Panasonic receives input from Freescale as to discovery Freescale will seek from any overseas person(s) and/or entity, Panasonic will promptly address any specifically identified issues. The parties have agreed that, except as may be otherwise agreed between the parties on a case-by-case basis, Panasonic will bring its employees to the United States for deposition at one of White & Case LLP's domestic offices.

Freescale's Position

In addition to its employees, Freescale proposes that any agent of Panasonic or individual that Panasonic's counsel will represent as a part of this action should be brought to the United States for deposition.

8.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out of state witnesses or documents, etc.)? Yes _____ No _____
      If so, explain.

Joint Position

12

The parties respectfully refer the Court to the responses to Item No. 7 above.

9.    State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u>
      <u>201.1</u> or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment
      of a special master or other special procedure.  If not, explain why and state whether any
      such procedure may be appropriate at a later time (i.e., after exchange of pretrial
      disclosures, after completion of depositions, after disposition of dispositive motions,
      etc.).

      <u>Panasonic's Position</u>

      Panasonic is open to discussing settlement at any appropriate time during the litigation.

Such discussions would be most fruitful if held after the completion of a significant amount of

fact discovery.  Panasonic proposes meeting(s) to discuss settlement at appropriate time(s)

during fact discovery and will report the results of such discussions to the Court as appropriate.

At this time, Panasonic does not believe this case is appropriate for voluntary arbitration,

mediation, or the appointment of a special master of other special procedure.

      <u>Freescale's Position</u>

      As indicated above, the parties have had, and continue to have, settlement discussions to

resolve all of the patent infringement cases pending between them.  In view of such continued

efforts, at this time, Freescale does not believe this case is appropriate for voluntary arbitration,

mediation, or the appointment of a special master or other special procedure.

10.   Is this case appropriate for bifurcation? Yes _____ No _____X_____

      <u>Joint Position</u>

      At this time, the parties' position is that this case is not appropriate for bifurcation.

11.   We [do_____ do not __x___] consent to the trial being conducted by a Magistrate Judge.

13

Dated: July 13, 2010

Respectfully submitted,

By:   s/ Sheila F. McShane
      Sheila F. McShane
      **GIBBONS P.C.**
      One Gateway Center
      Newark, New Jersey 07102
      Telephone: (973) 596-4743
      Facsimile:  (973) 639-6235
      smcshane@gibbonslaw.com

      *Of Counsel:*

      Jack Q. Lever  (*pro hac vice*)
      David M. Tennant  (*pro hac vice*)
      **WHITE & CASE LLP**
      701 Thirteenth Street, NW
      Washington, DC 20005-3807
      Telephone:  (202) 626-3600
      Facsimile:  (202) 626-3673
      jlever@whitecase.com
      dtennant@whitecase.com

      Kevin X. McGann (*pro hac vice to be filed*)
      **WHITE & CASE LLP**
      1155 Avenue of the Americas
      New York, NY 10036-2787
      Telephone:  (212) 819-8200
      Facsimile:  (212) 354-8113
      kmcgann@whitecase.com

      Bijal V. Vakil  (*pro hac vice*)
      **WHITE & CASE LLP**
      3000 El Camino Real
      5 Palo Alto Square, 9th Floor
      Palo Alto, CA 94306
      Telephone:  (650) 213-0300
      Facsimile:  (650) 213-8158
      bvakil@whitecase.com

14

Dated: July 13, 2010

Respectfully submitted,

s/ Gregory J. Bevelock

Gregory J. Bevelock
DECOTIIS, FITZPATRICK & COLE, LLP
Glenpoint Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
Telephone:  (201) 928-1100
Facsimile:  (201) 928-0588
Email:  gbevelock@decotiislaw.com

James L. Wamsley, III
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939
Facsimile:   (216) 579-0212
Email:  jlwamsleyiii@jonesday.com

Marc S. Blackman
JONES DAY
77 West Wacker
Chicago, Illinois 60601-1692
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585
Email:  msblackman@jonesday.com

*Attorneys for Defendant*
*Freescale Semiconductor, Inc.*

15