David E. De Lorenzi
Sheila F. McShane
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone (973) 596-4500
Facsimile: (973) 596-0545

*Attorneys for Plaintiff*
*Panasonic Corporation*

Gregory J. Bevelock
**DECOTIIS, FITZPATRICK & COLE, LLP**
Glenpoint Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
Telephone: (201) 928-1100
Facsimile: (201) 928-0588

*Attorneys for Defendant*
*Freescale Semiconductor, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PANASONIC CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>Defendant. | Civil Action No. 2:10cv01668-JLL-CCC<br><br>***Document electronically filed***<br><br>JURY TRIAL DEMANDED |

### [PROPOSED STIPULATED] DISCOVERY CONFIDENTIALITY ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. **Designation of Materials as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY"**

Any party or third party witness or entity in this action (hereinafter "the designating

#1552463 v1
109823-68717

party") shall have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" any document, information or other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains or reflects such information.

      a.    "CONFIDENTIAL INFORMATION" means information or other form of evidence or discovery the designating party believes, in good faith, embodies, contains or reflects confidential information not readily available to the general public that is used by the designating party in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation, research, development, commercial, financial or personnel information.

      b.    "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" means "CONFIDENTIAL INFORMATION" of a commercially sensitive nature that a designating party determines in good faith is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties, including, but not limited to, unpublished pending patent applications, foreign or domestic; non-public technical, methods or other know-how, specifications, design documents, schematics, computer code, source code, GDS II data, financial, marketing, product sales data or other projections, strategic, organizational, operational, competitive information, and/or trade secrets and/or other commercially sensitive information (e.g., pricing, customer lists, business and/or marketing plans or analysis, license agreements) and the like.

**2.** **Restriction on Use and Disclosure of Designated and Non-Designated Materials**

No documents, information or things designated as "CONFIDENTIAL" or

#1552463 v1
109823-68717

"CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" nor any information derived therefrom, shall be disclosed to any person or entity except as set forth in paragraphs 6, 7, 8 and 9 of this Order. No person shall use any material designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" or any information derived therefrom, for any purpose other than the prosecution or defense of this action, and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any designated confidential material.

3. **Marking of Designated Materials**

A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized use or disclosure. In the event that compilations of information are produced on computer systems or databases, such information shall be treated as "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" information pending the production of specific documents from such databases and systems at which time the documents will be formally designated. The legend shall substantially state: "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY." All documents to be so designated shall be marked prior to the provision of a physical copy thereof to a receiving party. Any documents or things made available for inspection shall initially be considered, as a whole, "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" and shall be subject to this Order. Thereafter, the designating party shall have a reasonable time to review and designate appropriate documents with the appropriate designation prior to furnishing copies to the receiving party.

4. **Designation of Deposition Testimony**

With respect to any depositions that involve a disclosure of "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY", which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 7(i)-(v) and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 7(i)-(v) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY", all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 6 and 7.

5. **Filing Designated Materials**

A party seeking to file any materials designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" shall file a motion to seal, or otherwise restrict public access to, those materials pursuant to Local Civil Rules 5.3(c) and 7.1. All materials submitted with regard to a motion to seal shall be filed under the designation "confidential materials" and shall remain sealed until such time as the motion is decided. If any party files materials designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" without a motion to seal, the designating party or any party to this action may file, within 30 days of the filing of said designated materials, a motion that the Court place the designated materials under seal. The Clerk of the Court is directed to comply with such

request if made until such time as the motion is decided.

6. **Access to "CONFIDENTIAL" Material**

Material designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)  outside counsel for the parties in this action of the law firms that have made appearances in this action whose duties and responsibilities require access to CONFIDENTIAL information;

(ii)  the regularly employed office staffs and outside vendors for the outside counsel for the parties who are performing legal and other related support services in connection with this action;

(iii)  the Court, court personnel, and stenographic reporters;

(iv)  experts and consultants (and their support staff and clerical employees assisting in the litigation) specifically retained in and for this matter and subject to the provisions of paragraph 9 below;

(v)  six in house, technical or business employees of the parties to be designated in the future, on a need-to-know basis only, provided that prior to disclosure of designated materials to any such employee, such employee of the receiving party is provided with a copy of this Order and such individual agrees, in writing, to be bound by the terms of this Order by executing a copy of the PROTECTIVE ORDER ACKNOWLEDGEMENT attached hereto as Exhibit A, which shall be retained by the signing party's outside counsel of record in this action; and

(vi)  any designated arbitrator or mediator who is assigned to hear this matter and his or her staff who have: (a) been provided a copy of this Protective Order; and (b) executed

a copy of the PROTECTIVE ORDER ACKNOWLEDGMENT attached hereto as Exhibit A.

7. **Access to "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" Material**

Material designated as "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i) outside counsel for the parties in this action of the law firms that have made appearance in this action whose duties and responsibilities require access to CONFIDENTIAL information;

(ii) the regularly employed office staffs and outside vendors for the outside counsel for the parties who are performing legal and other related support services in connection with this action;

(iii) the Court, court personnel, and stenographic reporters; and

(iv) experts and consultants (and their support staff and clerical employees assisting in the litigation) specifically retained in and for this matter and subject to the provisions of paragraph 9 below; and

(v) any designated arbitrator or mediator who is assigned to hear this matter and his or her staff who have: (a) been provided a copy of this Protect Order; and (b) executed a copy of the PROTECTIVE ORDER ACKNOWLEDGMENT attached hereto as Exhibit A.

8. **Disclosures to Authors and Previous Recipients**

The designation of any document or other material as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" shall not preclude any party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating party as having been provided with

the document or the information by the designating party.

9. **Disclosure of Designated Material to Experts Specifically Retained For The Purposes of this Litigation**

Prior to any disclosure by a receiving party of material designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" to any person specified in subsections 6(v) and 7(iv), counsel desiring to make such disclosure shall provide written notification to counsel for the designating party of the desire to make such disclosure, stating therein the name, address and position of the person to whom it is intended that disclosure be made and including: (i) a current curriculum vitae including a list of all companies for which such person has consulted during the last four (4) years; and (ii) a copy of the PROTECTIVE ORDER ACKNOWLEDGEMENT signed by the person to whom it is intended that disclosure be made. If the designating party does not convey an objection to the proposed disclosure within seven (7) business days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed.

If within seven (7) business days of receipt of the written notification, the designating party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure, there shall be no disclosure to the third-party at issue until such objection is resolved by the parties or the Court. Following the provision of such written objection, the parties shall meet and confer within five (5) business days of the service of the written objection and attempt in good faith to informally resolve the dispute. If the dispute is not resolved, the party seeking disclosure (hereinafter referred to as the "disclosing party") may seek relief from the Court.

10. **Additional Protections for GDS II Data and Source Code** **The following provisions govern the production and treatment of GDS II Data and Source Code. All production of GDS II Data and Source Code must be identified with the designation of "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY".**

  a. GDSII Data - A receiving party shall maintain all GDS II data ("DATA") received from a designating party on a non-networked, stand alone computer or electronic media that is password protected and, when not in use, shall be stored in a secure, locked area, in a private room; the non-networked computer shall not be connected to any device that permits data to be transmitted; such person shall not copy, email, transmit, upload, download, print, or otherwise duplicate any portion of the DATA, except as follows: to print the DATA, however, provided that each sheet is labeled "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY", and to copy the DATA onto the non-networked, stand alone computer for analysis. The computer or electronic media may be connected to a printer. Pre-printed labels may be affixed to each printed sheet. Any DATA that is printed, when not in use, shall be stored in a secure, locked area in a private room. This provision shall not apply to outside counsel for any of the parties.

  b. Source Code- includes human-readable programming language text that defines software, and firmware commands that can be executed by a computer (hereinafter referred to as "Highly Confidential Source Code"). Highly Confidential Source Code may include, but is not limited to, files containing source code in C, C++, Java, Javascript, assembly language, VHDL, Veri log, and other programming languages. These files may further include "include files," "make" files, "link" files, and other human-readable text files used in the generation, compilation, and/or building of software that can be executed on a computer, microprocessor, micro-controller, or other device.

To the extent that either party wishes to obtain access to Highly Confidential Source Code the following procedures shall apply:

  i. The producing party shall make Highly Confidential Source Code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer"). The Source Code Computer shall be provided by the producing

party. Should it be necessary, other mutually agreed upon operating systems, such as Linux, may also be made available by the producing party on the Source Code Computer.

ii. The producing party shall make the Source Code Computer available at the office of the outside counsel of the producing party in the US.

iii. The receiving party may use an appropriate software review tool on the Source Code Computer, which software review tool shall be agreed to in advance by the parties, and installed by the producing party. Licensed copies of agreed upon software tools shall be installed on the Source Code Computer by the producing party, and paid for by the receiving party.

iv. The Source Code Computer shall be made available weekdays between 9:00 a.m. and 6:00 p.m. Access on weekends or after hours shall be permitted upon three days advanced written notice.

v. No employee of the receiving party may access or obtain the Highly Confidential Source Code of a producing party.

vi. Each time counsel for the receiving party requests a review of Highly Confidential Source Code on the Source Code Computer, it must give at least two business days' (and at least 48 hours) notice to the counsel for the producing party that it will be sending individual(s) authorized to review this information.

vii. No more than five (5) individuals who qualify under this order may have access to the Source Code Computer.

viii. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship. Access to the Source Code Computer may be denied, at the discretion of the producing party, to any individual who fails to provide proper identification.

ix. The Source Code Computer shall be equipped with a printer to print copies of information designated as "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" on watermarked pre-Bates numbered paper, which shall be provided by the producing party and shall be provided in 500 page allotments. The producing party shall provide the printer. Counsel for the producing party will keep the originals of these printed documents, and copies of original printouts shall be made for counsel for the receiving party at the time they are requested. Counsel for the receiving party may request up to 5 such copies of printed source code. No more than 500 pages of the Highly Confidential Source Code for any software release may be in printed form at anyone time. In addition to other reasonable

#1552463 v1
109823-68717

steps to maintain the security and confidentiality of the producing party's Highly Confidential Source Code, printed copies maintained by the receiving party must be kept in a locked storage container when not in use. No electronic copies of Highly Confidential Source Code shall be provided.

x. Other than in connection with pleadings filed under seal, trial exhibits, and depositions designated "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" no subsequent copies shall be made of the printed copies provided by the producing party to the requesting party. Hard copies also may not be converted into an electronic document, and may not be scanned or subjected to optical character recognition ("OCR") technology except that portions may be scanned for the purposes of inclusion in pleadings filed under seal.

xi. No outside electronic devices, including but not limited to laptop computers, floppy drives, USB memories or drives, zip drives, or other hardware shall be permitted in the room containing the Source Code Computer. Nor shall any cellular telephones (with or without cameras), personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the room. Nor shall any non-electronic devices capable of similar functionality be permitted in the room.

xii. At the conclusion of this case, all persons to whom paper copies of the Highly Confidential Source Code were provided must certify in writing that all copies were returned to the counsel who provided them and that they will make no use of the Highly Confidential Source Code or of any of the knowledge gained from the Highly Confidential Source Code in any future endeavor.

xiii. Any expert or consultant, retained on behalf of a receiving party, who is to be given access to Highly Confidential Source Code (whether in electronic form or otherwise) must agree in writing not to perform software development work related to the field of the source code for a period of eighteen months following the last day of any inspection of the Highly Confidential Source Code.

xiv. Access to and review of the Highly Confidential Source Codeshall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case. No person shall review or analyze any of the Highly Confidential Source Code for purposes unrelated to this case nor may any person use any knowledge gained as a result of reviewing this information in this case in any other pending or future dispute, proceeding or litigation.

11. **Use of Confidential Materials in Court Proceedings**

If the need arises during trial or at any Hearing before the Court for any party to disclose "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" information, it

may do so only after giving notice to the producing party and as directed by the Court.

### 12. Discovery Sought By Non-Parties

In the event that either party having possession, custody or control of any materials designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" by the other party receives a subpoena or other process or order to produce materials in another, unrelated legal proceeding from a non-party to this action, such party shall promptly notify counsel for the disclosing party of the subpoena or other process or order, furnish counsel for the disclosing party with a copy of said subpoena or other process or order and cooperate with respect to all reasonable procedures sought to be pursued by the disclosing party whose interests may be affected. The party having designated such materials as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" shall have the burden of defending against disclosure of its designated materials under such subpoena, process or order.

### 13. Objections to Designations

If counsel for a party receiving documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY". If no timely written response is made to the objection, the challenged designation will be deemed to be void.

#1552463 v1
109823-68717

If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" designation of a document or item of information cannot be resolved by agreement, any party may present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

### 14. Use of This Order By Third-Parties

A non-Party who produces documents, testimony or other information voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit. A non-Party's use of this Protective Order does not entitle that third party access to any materials designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" produced by any Party in this matter.

### 15. Inadvertent Production of Privileged Materials

The inadvertent production of any attorney-client privileged or otherwise protected information, including materials subject to protection under the work product doctrine or any other applicable immunities, shall not be deemed a waiver or impairment of any claim of privilege or protection, or of the subject matter thereof, provided that the producing party shall promptly notify the receiving party in writing when the inadvertent production is discovered, request that the documents or materials containing such information be returned, and provide a

privilege log including an entry pertaining to all such documents or materials. Within five (5) calendar days of receiving written notice from the producing party, the receiving party shall: (i) return or destroy all such privileged or protected information and all copies thereof; (ii) retrieve and destroy all descriptions of the privileged or protected information; and (iii) confirm in writing to the producing party that steps (i) and (ii) have been accomplished within five (5) calendar days. Return of the documents or materials shall not constitute or be interpreted as an admission that the returned documents or materials are properly subject to a claim of privilege or protection.

The receiving party may only challenge the designation of the inadvertently-produced information acting in good faith by moving for a court order compelling production of the material. Such a motion shall rely solely on the description of the inadvertently-produced information that is provided on the producing party's log, provided that the description therein is accurate. The receiving party may not cite or otherwise rely on the content of the inadvertently-produced information, except that if the description in the log is inaccurate or misleading and the producing party refuses to correct it after consultation, the producing party shall submit one copy of the material to the court under seal for consideration in deciding the motion.

16.    **Restriction on Patent Prosecution**

Persons who access "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" material of any producing party shall not, for a period of two (2) years following that person's last access to the "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials, draft, supervise or assist in drafting or amending patent claims or patent specifications, related to the "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials actually received from the producing party. Persons who

access "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials shall not, for a period of four (4) years following that person's last access to the "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials, draft, supervise or assist in drafting or amending patent claims or patent specifications for any patent application in the same patent family of the patents-in-suit, either in the United States or in any foreign jurisdiction. Nothing in this paragraph shall operate to preclude any person from fulfilling and/or assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and Trademark Office or foreign patent office that may arise as a consequence of knowledge obtained during the course of this litigation. This restriction also precludes any party from using any "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials obtained through the course of the investigation in any re-examination proceeding before the United States Patent and Trademark Office.

**17.    Disposition of Designated Materials at Conclusion of Case**

Within sixty (60) calendar days of the adjudication or resolution of the claims at issue in this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each receiving party shall, at its option, return or destroy all "CONFIDENTIAL" and "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" material, including all copies and extracts thereof, to the party or third party witness or entity from whom the designated materials were obtained. Outside counsel for each party shall remind any experts, consultants and others as appropriate of their obligation to destroy or return designated materials. Each party shall exchange a written certification by the sixty (60) day deadline confirming that all such material has been destroyed or returned (or handled as otherwise ordered or agreed) and that the party has not retained any paper or electronic copies. Not withstanding this provision, each outside

counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such material contains or reflect "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" information. Any such archival copies remain subject to the terms of this Protective Order.

### 18. Miscellaneous Provisions

(i) This Protective Order shall be without prejudice to the right of any Party to bring before the Court at any time the question of: (a) whether any particular information is or is not confidential; or (b) whether any particular information is or is not relevant to any issue of this case. Upon such hearing, the Party asserting confidentiality or relevance shall have the burden of establishing the same.

(ii) Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereof, shall be construed as a waiver of any claim or defense in this action. Moreover, neither the failure to designate information in accordance with the Protective Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

(iii) The inadvertent or unintended disclosure of materials designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" by a designating party, or the failure to initially designate materials as "CONFIDENTIAL" or

#1552463 v1
109823-68717

"CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" under this Order, shall not be deemed a waiver of any claim for protection, provided the designating Party gives prompt notice, after discovery of said inadvertent or unintended disclosure or the failure to initially designate, that the materials should be treated confidential in accordance with the provisions of this Order. Upon such notice, the receiving Party must treat the materials as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" and must then make a good faith effort to advise any person to whom such materials may have been disclosed as to the change in designation and the manner in which such materials should thereafter be treated.

(iv) In the event any one shall violate, or threaten to violate, the terms of this Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved Party possesses an adequate remedy at law. The Parties and any other person subject to the terms of this Order agree that this Protective Order shall continue to be binding after termination of this litigation. The Court retains and shall have continuing jurisdiction over the parties and recipients of "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" materials for enforcement of the provisions of this Protective Order following termination of this litigation.

(v) Entry of this Order is without prejudice to any Party seeking to impose further restrictions on the dissemination of certain materials designated as "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" or seeking to rescind, modify, alter or amend this Order with respect to specific documents or information. The Party seeking such relief shall first attempt in good faith to resolve the matter informally. If the matter cannot be

resolved, the party seeking relief may then apply for a suitable order from the Court.

(vi) Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order or shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular designated material.

(vii) Notwithstanding any other provision of this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to any information that:

    a. at the time of disclosure hereunder was generally known to the public or the document containing the information is already in the public record by publication or otherwise;

    b. since the time of disclosure hereunder has become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise;

    c. at the time of disclosure was already in the possession of the receiving party and was not acquired directly or indirectly from the designating party or from any third party under obligation of confidence to the producing party;

    d. after disclosure hereunder was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the producing party hereunder;

    e. the disclosing Party agrees may be disclosed to a third party under no obligation of confidentiality;

#1552463 v1
109823-68717

      f.  the disclosing Party disclosed to any government entity without request for confidential treatment; or

    (viii). The Party claiming that he/she/it is relieved of the obligation of this Protective Order by operation of any of paragraph 18(vii)(a-f) shall have the burden of proving that any of the provisions of paragraph 18(vii)(a-f) apply.

    (ix). This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO ORDERED.**

Dated: August 17, 2010

                *s/Claire C. Cecchi*
                Hon. Claire C. Cecchi
                United States District Magistrate Judge

## EXHIBIT A

### PROTECTIVE ORDER ACKNOWLEDGEMENT

I, _____ [print or type full name] of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of New Jersey in the case *Panasonic Corp. v. Freescale Semiconductor, Inc.*, Case No. CV 2:10cv01668-JLL-CCC. I agree to comply with and be bound by all terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could subject me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____